IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER JAMES SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-111-WKW-WC |
| | ) | |
| CEDAR CREST NURSING HOME, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

On February 19, 2016, Plaintiff filed this suit "requesting the return of his legally purchased vehicle that was illegally seized from the Cedar Crest parking lot." *See* Compl. (Doc. 1) at 2.  On February 24, 2016, the District Judge entered an Order (Doc. 3) referring the case to the undersigned Magistrate Judge for "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate."  Because Plaintiff has requested leave to proceed *in forma pauperis*, Pl.'s Mot. (Doc. 2), the complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e).  *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B)(i)-(iii).  In addition to § 1915(e) review, a district court may, at any time, *sua sponte* consider whether it has subject matter

jurisdiction over a plaintiff's claims.  Fed. R. Civ. P. 12(h)(3); *Walker v. Sun Trust Bank of Thomasville, Ga.,* 363 F. App'x 11, 15 (11th Cir. 2010).  If a district court determines that subject matter jurisdiction is lacking, it must dismiss the complaint.  Fed. R. Civ. P. 12(h)(3).  After a careful review of Plaintiff's complaint, the undersigned concludes that this court does not have subject matter jurisdiction over Plaintiff's claim.  Consequently, the undersigned concludes that Plaintiff's complaint is due to be dismissed prior to service of process for lack of subject matter jurisdiction.

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332; *MacGinnitie v. Hobbs Grp., LLC,* 420 F.3d 1234, 1239 (11th Cir.2005) (noting that "[c]omplete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff").  "Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction." *Wyke v. Polk Cty. Sch. Bd.,* 129 F.3d 560, 566 (11th Cir.1997).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, such

"'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'"  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Here, the court does not have subject matter jurisdiction to hear Plaintiff's claim. The factual basis for Plaintiff's complaint is as follows, in its entirety:

> On or before January of 2016 the officials of Cedar Crest Nurseing [sic] and Rehabilitation knew or should of [sic] known that the vehicle, a 2001 Chevrolet Impala white in color should have been returned to the possession of one Peter J. Smith Power of Attorney of ONE Willie D. Smith a former resident of Cedar Crest Nursing and Rehabilitation.

> The recall of said purchased vehicle was done by General Motors.  The case prompting the ignition switch recall was [Ashworth v. General Motors, LLC. GM Class Lawsuit Filed Ignition Switch (2014 April) April 4, 2014]. Due to the serious nature of this complaint the United States Department of Justice became involved in the recall.  There is also a related recall involveing [sic] an engine defect that may cause a fire.

Compl. (Doc. 1) at 3.  Plaintiff does not cite, here or anywhere else in his complaint, a federal law under which he seeks to bring his claim.  In addition, Plaintiff does not cite, here or anywhere else in his complaint, that his requested relief exceeds $75,000 or that the parties to this action are diverse.  Despite Plaintiff's failure to invoke this court's jurisdiction, the undersigned has carefully reviewed Plaintiff's complaint and finds that Plaintiff cannot establish the requisite subject matter jurisdiction for this court to hear his claim.  As such, Plaintiff's complaint should be dismissed.

First, Plaintiff cannot establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. With regards to the amount in controversy requirement for diversity jurisdiction, a court

3

will generally accept that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938). However, where the claim is for an indeterminate amount of damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Id.; see also Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001) (citations omitted). In an action for declaratory relief, such as the return of a vehicle, "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2003).

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case meets the amount in controversy requirement. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010). Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Roe v. Michelin N. Am., Inc.,* 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams,* 269 F.3d at 1319 (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613

F.3d 1058, 1061–62 (11th Cir. 2010).  Accordingly, when a district court is determining whether a complaint meets the amount in controversy requirement, the applicable standard of review is whether it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional minimum, and the court may employ its "judicial experience and common sense" in making this determination.

Regardless of whether Plaintiff and Defendants are citizens of different states,[1] Plaintiff cannot satisfy the $75,000 amount in controversy requirement for diversity jurisdiction, as he is seeking the return of a 2001 Chevrolet Impala, and "compensation for any damages that may have occurred to said vehicle during towing or storage."  Pl.'s Compl. (Doc. 1) at 2.  Clearly, common sense would indicate that the value of a 2001 Chevrolet Impala, plus repairs to such a vehicle, does not meet the $75,000 amount in controversy requirement.  As such, this court would lack subject matter jurisdiction over Plaintiff's claim based upon 28 U.S.C. § 1332.

Second, Plaintiff cannot establish subject matter jurisdiction based upon a federal question.  Pursuant to § 1331, federal district courts exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  The federal question at issue "must appear on the face of the plaintiff's well-pleaded complaint."  *Cmty. State Bank v. Strong,* 651 F.3d 1241, 1251 (11th Cir. 2011).  When only state-law claims are asserted in a complaint, a claim "aris[es] under" federal law if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a

---

[1] The undersigned notes that Defendant Cedar Crest Nursing Home is located in Montgomery, Alabama, and Plaintiff's address is a Montgomery, Alabama, address.  Thus, from those facts asserted, it does not appear that diversity of citizenship is present.

federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005). That is, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in the federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton,* 133 S.Ct. 1059, 1065 (2013).

Although Plaintiff cites to a federal case involving an ignition switch defect, Plaintiff's actual claim, at best, is for conversion, or some other type of state tort action. The taking of Plaintiff's car in no way implicates a federal issue. Nor does any harm to the vehicle occurring as the result of such a taking implicate a federal issue. Nor does replacing the ignition switch in such a vehicle because of an ignition switch recall implicate a federal issue. Therefore, because Plaintiff's complaint does not raise a federal question, and the undersigned cannot conceive of a way that it could, this court has no jurisdiction to hear Plaintiff's claim.

For all of the reasons stated above, the undersigned concludes that this court does not have subject matter jurisdiction to hear Plaintiff's claim. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint (Doc. 1) be DISMISSED prior to service of process, pursuant to Fed. R. Civ. P. 12(h)(3).[2] Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED. Further, it is

---

[2] The undersigned is recommending dismissal of Plaintiff's complaint without first asking Plaintiff to amend his complaint. The undersigned believes requesting such amendment would be futile because the core of Plaintiff's

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before May 4, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

complaint—that a 2001 Chevrolet Impala should have been returned to Plaintiff by Defendants after a General Motors ignition switch recall—are factual allegations which are incapable of being crafted into a viable federal claim.  Further, because Plaintiff cannot establish the amount in controversy requirement, Plaintiff cannot bring his claim to this court based on diversity jurisdiction.  Accordingly, leave to amend Plaintiff's complaint need not be afforded in this instance.  *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal.  Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his complaint prior to any dismissal of the complaint.

7

Done this 20th day of April, 2016.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE